UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

RICHARD RAMPERSAUD,

    Plaintiff,

v.

VERIZON COMMUNICATIONS INC.,

    Defendant.

Civil Action No. 1:23-cv-00132

**NOTICE OF REMOVAL
AND DEMAND FOR JURY TRIAL**

Please take notice that pursuant to 28 U.S.C. §§1441 and 1446, Defendant Verizon Communications Inc. ("Defendant"), by and through its attorneys, Jackson Lewis P.C., hereby removes this action from the Superior Court of the State of New Hampshire, Rockingham County to the United States District Court for the District of New Hampshire. In support of this Notice of Removal, Defendant states as follows:

1. On January 9, 2023, Plaintiff Richard Rampersaud ("Plaintiff") filed a Complaint and Jury Demand ("Complaint") against Defendant in the Rockingham County Superior Court, alleging a refusal to pay wages in the form of a commission under New Hampshire common law and statutory law. A copy of Plaintiff's State Court Summons and Complaint is attached hereto as **Exhibit A**. Certified copies of the state court pleadings will be filed upon receipt of same from the Rockingham County Superior Court.

2. Pursuant to 28 U.S.C. §1446(a), this notice of removal is timely filed within thirty (30) days of January 19, 2023, the date on which Defendant accepted service of the Complaint.

3. Defendant has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the state court.

1

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) and §1441(a), and it may be removed to this Court by Defendant because, upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs, and there exists complete diversity of citizenship between the parties in that:

   i. Plaintiff asserts in the Complaint that he is a resident of New Hampshire.

   ii. Defendant is a Delaware corporation with a principal place of business in New York, and, accordingly, Defendant is a citizen of Delaware and New York.

   iii. The claims in Plaintiff's Complaint satisfy the $75,000 amount in controversy requirement under 28 U.S.C. §1332(a)(1). In the Complaint, Plaintiff alleges that Defendant is obligated to pay Plaintiff $69,233.11 in straight damages due to an alleged failure to pay commissions and other compensation[1] and seeks an award for "damages and *liquidated damages* on all wrongly unpaid wages as required by the New Hampshire Wage Payment Statute" as well as reasonable attorneys' fees.[2]

   iv. In calculating the amount in controversy, a federal court must examine relevant state law to determine the nature and extent of the damages which may be awarded. *See Stewart v. Tupperware Corp.*, 356 F.3d 335, 339 (1st Cir. 2004). In particular circumstances, New Hampshire law permits liquidated damages in an amount equal to an employee's unpaid wages. RSA § 275:44, IV. This Court has recognized that "[w]hen a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy." *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 222 (D.N.H. 2004) (collecting

---

[1] The Complaint alleges in Paragraphs 24 and 25 that Defendant is obligated to pay to Plaintiff $63,344.75 in additional sales and revenue realization commissions and an additional $5,888.36 in 401(k) matching compensation, respectively. Defendant denies that Plaintiff is entitled to any damages claimed in the Complaint.

[2] See the "Prayers for Relief" section of the Complaint.

cases).³ Thus, on the face of the Complaint, Plaintiff is seeking at least $69,233.11 in alleged lost wages, **_plus_** an equal amount in liquidated damages under the New Hampshire Wage Statute, for a total of $138,466.22. *See Vilaythong v. Sterling Software, Inc.*, 353 F. Supp. 3d 87, 93 (D. Mass. 2018) (considering treble damages under the Massachusetts Wage Act in assessing the amount in controversy); *Mitchell v. Select Comfort Retail Corp.*, No. 20-cv-10110-DJC, 2020 U.S. Dist. LEXIS 126735, at *7 (D. Mass. July 20, 2020) (same). Based on Plaintiff's alleged straight damages and petition for liquidated damages, the amount in controversy exceeds $75,000 and thus meets the amount in controversy requirement.

5. Because this figure is above the jurisdictional amount of $75,000 and because complete diversity exists between the parties, this Court possesses diversity jurisdiction over this action.

6. Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

7. As this action could have been commenced in this Court, removal is proper. 28 U.S.C. §1441(a).

---

³ In addition, a court must take into account attorneys' fees where the award of those fees is statutorily authorized. *See* <u>Spielman v. Genzyme Corp.</u>, 251 F.3d 1, 6 (1st Cir. 2011).

|  |  |  |
|---|---|---|
|  |  | Respectfully Submitted, |
|  |  | VERIZON COMMUNICATIONS INC. |
|  |  | By its attorneys,<br>JACKSON LEWIS P.C., |
| Date: February 16, 2023 | By: | /s/ *Kevin M. Sibbernsen*<br>Kevin M. Sibbernsen, NHBA # 271738<br>Kimberly M. R. Sullivan, NHBA #266861<br>100 International Drive, Suite 363<br>Portsmouth, NH 03801<br>603.559.2700<br>kevin.sibbernsen@jacksonlewis.com<br>Kimberly.sullivan@jacksonlewis.com |

Certificate of Service

I hereby certify that the foregoing was served via email to the attorney of record for the plaintiff, John F. Tocci, Esq., at jtocci@toccilee.com.

Date:  February 16, 2023                         /s/ *Kevin M. Sibbernsen*
                                                 Kevin M. Sibbernsen

4893-4613-3070, v. 2

4