THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT
ROCKINGHAM COUNTY

I, Jennifer M. Haggar, Clerk of the Superior Court of the State of New Hampshire for the County of Rockingham, the same being a court of record having a seal, and having custody of the records of the said Superior Court, do hereby certify that the attached are true copies of the Complaint, Appearance of John F. Tocci, Summons in a Civil Action, Acceptance of Service, Appearance of Kimberly Sullivan, Notice of Removal to Federal District Court and the Docketed Notice of Removal in the action case # 218-2023-CV-00042 Richard Rampersaud v Verizon Communications, Inc. of said Superior Court.

In witness whereof I have hereunto set my hand and affixed the seal of said Superior Court at this 17th day of February A.D. 2023



Clerk of Superior Court

Filed
File Date: 1/9/2023 9:29 AM
Rockingham Superior Court
E-Filed Document

## STATE OF NEW HAMPSHIRE

ROCKINGHAM COUNTY, ss.

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.**

218-2023-CV-00042

|  |  |
|---|---|
| **RICHARD RAMPERSAUD,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| **VERIZON COMMUNICATIONS, INC.** | ) |
| **Defendant.** | ) |

## COMPLAINT AND JURY DEMAND

1.      In this action, the Plaintiff, Richard Rampersaud, asserts claims against the

Defendant, Verizon Communications, Inc. ("Verizon" or the "Defendant"), based upon its failure

and refusal to pay Mr. Rampersaud wages in the form of earned commissions due and owing to

him under both New Hampshire common law and statutory law. In particular, Verizon, in

refusing to pay Mr. Rampersaud, breached its contractual and promissory obligations to Mr.

Rampersaud and was unjustly enriched by the amount of wages that it wrongly withheld from

him. Verizon's actions also violate the New Hampshire Wage Payment Statute, c. 275, §§ 43 and

51.

## PARTIES

2.      Richard A. Rampersaud is a New Hampshire resident who resides at 111 South

Road, Rte. 107, Kensington, Rockingham County, NH 03833-6820.

True Copy Attest

Jennifer M. Haggar, Clerk of Court

February 17, 2023

3.      Verizon Communications, Inc. is a Delaware corporation with national corporate headquarters at 1095 Avenue of the Americas, New York, NY 10013, and national operational headquarters at 1 Verizon Way, Basking Ridge, NJ 07920.

## FACTUAL BACKGROUND

4.      Mr. Rampersaud worked for the Defendant for over twenty-two years from 1999 until December 3, 2021.

5.      Mr. Rampersaud served Verizon as a Sales Director from 1999-2005 and as Verizon's Government Services Administration National Accounts Manager from 2006-2010.

6.      Having developed a unique and extensive knowledge of public sector sales and services, Mr. Rampersaud was promoted to the position of Verizon Client Partner in Verizon's Public Sector sales area.

7.      He was integral to public sector sales success, particularly supporting the United States Department of Homeland Security.

8.      Mr. Rampersaud excelled at his job, almost always outperforming expectations. In fiscal year 2020, Mr. Rampersaud delivered 121% of his target sales quota and 117% of his revenue attainment objective.

9.      During fiscal year 2021, he delivered Verizon's largest cyber security sales contract (the ".gov" domain), valued at approximately $134 million. During 2021, Mr. Rampersaud greatly exceeded his target sales quota.

10.      During 2021, Verizon invoicing errors and oversights created serious issues with the United States government account.

11.      The Federal NPS "Authority To Proceed" was delivered to Verizon in May of 2021. Verizon, however, failed to establish a procedure to migrate a standalone contract onto

Verizon's Enterprise Infrastructure Solutions ("EIS") system – its government-wide acquisition contract vehicle.

12.     During the summer of 2021 Mr. Rampersaud first learned that, as a result of Verizon EIS errors and oversights, Mr. Rampersaud's June through November FNPS sales would not be invoiced by Verizon ***until December of 2021***.

13.     This was a problem completely outside of the control of Mr. Rampersaud. Verizon was able to finally process the order in November of 2021. As a result of this six-month delay, Verizon's first monthly invoice was delayed until the December invoice run.

14.     Verizon's EIS vehicles lack the ability to back bill a customer until after the "first" monthly invoice is issued. As a result of this Verizon system error, all the back billing for Mr. Rampersaud's sales were not captured in 2021.

15.     Although he booked approximately 148% of his sales target through November, his credited revenue realization was only 78.4% of target (approximately $81 million of a $103 million target). He received no advance on commissions, as was the practice, and he ultimately received no commission credit for revenue target.

16.     During 2021, Mr. Rampersaud's wife developed serious medical issues. During the summer of 2021, he indicated to superiors that he was considering resigning from Verizon to attend to his wife. He had engaged in communications with other employers and was presented with at least two alternative employment situations which would have proven as financially lucrative for him yet afforded him greater flexibility to care for his wife.

17.     Concerned about family finances, he inquired about his earned commissions and the issues caused by Verizon's invoicing issues. His superiors consistently informed Mr. Rampersaud that Verizon would recognize the sales he booked in 2021, despite its invoicing

issues. In return for these promises, Mr. Rampersaud agreed to remain with Verizon through 2021.

18.     Verizon's agreement to credit Mr. Rampersaud for lost revenue in calculating his commissions was memorialized in several communications within the possession and control of Verizon.

19.     Mr. Rampersaud, based upon Verizon's promise to pay him his earned commissions on his 2021 sales, remained in Verizon's employ and relinquished opportunities he had during the summer and fall of 2021.

20.     Mr. Rampersaud continued to provide his best efforts during 2021 despite being initially denied commission payments, secure in the knowledge that Verizon would recognize his sales and eventually pay him full commissions on these sales.

21.     Pursuant to the Verizon 2021 Sales Compensation Plan (the "Plan"), Mr. Rampersaud's 2021 commission was to be based on 30% bookings and 70% revenue. If his revenue results did not hit at least the 80% threshold, he would not receive ***any*** commission compensation for the revenue portion of his commission payment.

22.     Had Verizon invoiced in real time, Mr. Rampersaud would have achieved revenue targets and should have been paid $97,000.00 for hitting such targets. Moreover, he would have received matching 401k payments on commissions of $15,939.00.

23.     Verizon, however, paid Mr. Rampersaud only $33,655.25 for Mr. Rampersaud's sales commission and only $10,050.64 in matching 401k payments.

24.     Verizon is obligated to pay to Mr. Rampersaud a total of $63,344.75 in additional sales and revenue realization commissions.

25.     Verizon is obligated to pay to Mr. Rampersaud $5,888.36 in 401k matching compensation.

26.     Mr. Rampersaud followed through on his promise and remained in Verizon's employ through 2021. Verizon, however, refused to pay to Mr. Rampersaud all his earned commissions, despite several demands.

## COUNT I
## NEW HAMPSHIRE WAGE PAYMENT STATUTE, c. 275, §§ 43 and 51

27.     Plaintiff realleges and incorporates by reference paragraphs 1 through 26 of the Complaint.

28.     Pursuant to the New Hampshire Wage Payment Statute, an employer must pay wages earned by its employees. The Statute expressly states that commissions shall be paid to an employee when they are determined, due and payable.

29.     Defendant failed or refused to pay Mr. Rampersaud his wages that were due and payable to him.

30.     Defendant violated the New Hampshire Wage Payment Statute by failing or refusing to pay to Mr. Rampersaud his commission-based wages that are definitely determined and due and payable to him as of his resignation in December of 2021.

31.     Mr. Rampersaud suffered damages in an amount to be calculated at trial in this matter.

## COUNT II
## BREACH OF CONTRACT

32.     Plaintiff realleges and incorporates by reference paragraphs 1 through 31 of the Complaint.

33.    The Verizon 2021 Sales Compensation Plan constituted a binding contract between Mr. Rampersaud and Verizon, whereby Mr. Rampersaud agreed to perform duties and responsibilities for Verizon in return for specific compensation.

34.    Mr. Rampersaud fully performed his duties and responsibilities required by the parties' contract.

35.    Defendant failed or refused to pay Mr. Rampersaud his wages that were definitely determined and due and payable to him pursuant to the commission plan.

36.    Mr. Rampersaud suffered damages in an amount to be calculated at trial in this matter.

## COUNT III
## BREACH OF CONTRACT

37.    Plaintiff realleges and incorporates by reference paragraphs 1 through 36 of the Complaint.

38.    The Verizon 2021 Sales Compensation Plan constituted a binding contract between Mr. Rampersaud and Verizon, whereby Mr. Rampersaud agreed to perform duties and responsibilities for Verizon in return for specific compensation.

39.    Mr. Rampersaud fully performed his duties and responsibilities required by the parties' contract.

40.    Any shortfall in Mr. Rampersaud's commission revenue realization was caused by the negligence of Verizon, which negligence was acknowledged by Verizon.

41.    Verizon offered to recognize the sales that Mr. Rampersaud booked in 2021, despite its invoicing issues. In return for these promises, Mr. Rampersaud agreed to remain with Verizon through 2021.

42.     Verizon's agreement to credit Mr. Rampersaud for lost revenue in calculating his commissions was memorialized in several communications within the possession and control of Verizon.

43.     Mr. Rampersaud, based upon Verizon's promise to pay him his earned commissions based upon his 2021 sales, remained in Verizon's employ through 2021.

44.     Mr. Rampersaud continued to provide his best efforts during 2021, secure in the knowledge that Verizon would recognize his sales and eventually pay him full commissions on such sales.

45.     Defendant failed or refused to pay Mr. Rampersaud his wages that were definitely determined and due and payable to him, pursuant to the commission plan and as promised by Verizon.

46.     Mr. Rampersaud suffered damages in an amount to be calculated at trial in this matter.

<u>**COUNT IV**</u>
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

47.      Plaintiff realleges and incorporates by reference paragraphs 1 through 46 of the Complaint.

48.     Implied in every contract is a covenant of good faith and fair dealing.

49.     By engaging in the conduct described above, including without limitation, failing or refusing to pay to Mr. Rampersaud all compensation due and owing to him, Verizon breached the covenant of good faith and fair dealing in the agreements between the parties.

50.     As a result of the Defendant's breach of the covenant of good faith and fair dealing, Mr. Rampersaud suffered monetary damages in an amount to be determined at trial.

## COUNT V
## PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE

51.    Plaintiff realleges and incorporates by reference paragraphs 1 through 50 of the Complaint.

52.    In reasonable reliance upon promises contained in the commission plan and Verizon's promise to Mr. Rampersaud, Mr. Rampersaud continued to work for Verizon, performing the duties and responsibilities that he was hired by Verizon to perform.

53.    Mr. Rampersaud declined lucrative employment opportunities based upon Verizon's promises, and he continued to perform his obligations to Verizon through 2021.

54.    Verizon reasonably should have expected that its promises would induce such action by Mr. Rampersaud and Verizon continued to enjoy the fruits of his labor despite its illegal conduct.

55.    Verizon profited by its breached promises and Mr. Rampersaud was damaged thereby. Injustice can be avoided only by enforcing Verizon's compensation promises.

## COUNT VI
## UNJUST ENRICHMENT

56.    Plaintiff realleges and incorporates by reference paragraphs 1 through 55 of the Complaint.

57.    In reasonable reliance upon promises contained in the commission plan and Verizon's promise to Mr. Rampersaud, Mr. Rampersaud continued to work for Verizon, performing the duties and responsibilities that he was hired by Verizon to perform.

58.    Verizon accepted and enjoyed the benefits of Mr. Rampersaud's labor.

59.    Verizon failed to fully compensate Mr. Rampersaud for his labor.

60.     Verizon has thereby been unjustly enriched by its refusal to abide by its legal obligations to pay Mr. Rampersaud his full compensation.

61.     As a result of Verizon's actions, it has been unjustly enriched to the detriment of Mr. Rampersaud in an amount to be determined at trial.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that this Court do the following:

a.  Enter judgment for the Plaintiff against the Defendant on all counts of this Complaint;

b.  Award the Plaintiff damages and liquidated damages on all wrongly unpaid wages, as required by the New Hampshire Wage Payment Statute;

c.  Award the Plaintiff costs and reasonable attorneys' fees incurred in this action, as required by the New Hampshire Wage Payment Statute;

d.  Award statutory interest (currently 12%) on all damages incurred by Mr. Rampersaud; and

e.  Award such other and further relief as this Court deems just and proper.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully Submitted,

Richard Rampersaud

By his attorneys:


*/s/ John F. Tocci*
John F. Tocci, Esq., NH Bar No. 19664
Tocci & Lee, LLC
355 Providence Highway
Westwood, MA 02090
(617) 542-6200
(617) 542-6201 (fax)
jtocci@toccilee.com


Dated: January 9, 2023

Filed
File Date: 1/9/2023 9:29 AM
Rockingham Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

Court Name: **Rockingham Superior Court** ▾

Case Name: **Richard Rampersaud v. Verizon Communications, Inc.**

Case Number: 218-2023-CV-00042
(if known)

## APPEARANCE/WITHDRAWAL

### APPEARANCE
Type of appearance (Select One)

☑ Appearance            ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

_____

_____

_____

_____

Select One:

☑ As Counsel for:

**Richard Rampersaud        111 South Road, Route 107, Kensington, NH 03833    (603) 642-5099**

(Name)                          (Address)                          (Telephone Number)

_____

(Name)                          (Address)                          (Telephone Number)

_____

(Name)                          (Address)                          (Telephone Number)

☐ I will represent myself (*self-represented*)

### WITHDRAWAL
As Counsel for _____  _____  _____

Type of Representation: (Select one)

☐ Appearance:
   ☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

_____

   ☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)
   ☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.

   ☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.



True Copy Attest

Jennifer M. Haggar, Clerk of Court

February 17, 2023

This is a Service Document For Case: 218-2023-CV-00042
Rockingham Superior Court
2/21/2023 11:09 AM

Case Number: _____

**APPEARANCE/WITHDRAWAL**

| | |
|---|---|
| **For non e-filed cases:** | |

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____    _____
Other party                                          Other party's attorney

**OR**

**For e-filed cases:**

☑  I state that on this date I am sending a copy of this document as required by the rules of the court.  I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case.  I am mailing or hand-delivering copies to all other interested parties.

| | | | |
|---|---|---|---|
| **John F. Tocci, Esq.** | | /s/ John F. Tocci | 01/09/2023 |
| Name of Filer | | Signature of Filer | Date |
| **Tocci & Lee LLC** | **19664** | **(781) 542-6200** | |
| Law Firm, if applicable | Bar ID # of attorney | Telephone | |
| **355 Providence Highway** | | **jtocci@toccilee.com** | |
| Address | | E-mail | |
| **Westwood** | **MA** ▾   **02090** | | |
| City | State      Zip code | | |

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:     **Richard Rampersaud v Verizon Communications, Inc.**
Case Number:   **218-2023-CV-00042**

Date Complaint Filed: January 09, 2023
A Complaint has been filed against Verizon Communications, Inc. in this Court. A copy of the
Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

February 27, 2023     Richard Rampersaud shall have this Summons and the attached
                      Complaint served upon Verizon Communications, Inc. by in hand or by
                      leaving a copy at his/her abode, or by such other service as is allowed by
                      law.

March 20, 2023        Richard Rampersaud shall electronically file the return(s) of service with
                      this Court. Failure to do so may result in this action being dismissed
                      without further notice.

30 days after Defendant   Verizon Communications, Inc. must electronically file an Appearance and
is served                 Answer or other responsive pleading form with this Court.  A copy of the
                          Appearance and Answer or other responsive pleading must be sent
                          electronically to the party/parties listed below.

**Notice to Verizon Communications, Inc.:** If you do not comply with these requirements you will be
considered in default and the Court may issue orders that affect you without your input.

Send copies to:
  John F. Tocci, ESQ                Tocci & Lee LLC 355 Providence Hwy Westwood MA  02090
  Verizon Communications, Inc.      One Verizon Way Basking Ridge NJ  07920

                                      BY ORDER OF THE COURT

January 13, 2023                      Jennifer M. Haggar
                                      Clerk of Court

  (126987)

True Copy Attest

Jennifer M. Haggar, Clerk of Court
February 17, 2023

This is a Service Document For Case: 218-2023-CV-00042
Rockingham Superior Court
2/21/2023 11:09 AM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## RICHARD RAMPERSAUD
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

Case Name:     **Richard Rampersaud v Verizon Communications, Inc.**
Case Number:   **218-2023-CV-00042**

<u>**Instructions for:**</u> **Richard Rampersaud**

The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before **February 27, 2023**.
<u>**Further action is required by you**</u>
**You must:**
- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
  - **One Summons**
  - **Once Notice for Defendant**
  - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.**

**Sheriff Departments in New Hampshire:**

Belknap County Sheriff's Department:
Carroll County Sheriff's Department:
Cheshire County Sheriff's Department:
Coos County Sheriff's Department:
Grafton County Sheriff's Department:

Hillsborough County Sheriff's Department:
Merrimack County Sheriff's Department:
Rockingham County Sheriff's Department:
Strafford County Sheriff's Department:
Sullivan County Sheriff's Department:

**\*If one or more of the parties resides out of state, please click here for the requirements\***
Service must be made upon the defendant before **February 27, 2023**.

If the Sheriff is unable to complete service by **February 27, 2023** you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by March 20, 2023.

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

NHJB-2678-Se (07/01/2018)

# Important Service Information for Sheriff

<u>Do not file this with the court</u>
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
**PLEASE PRINT CLEARLY**

Date: _____          Case #: _____

<u>**Who are you requesting to be served?**</u>
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____          APT #: _____

_____

Home phone #: _____          Cell phone #: _____

Sex: ☐ Male   ☐ Female          Race: _____

Last 4 digits of SS#: xxx-xx-  _____  _____  _____  _____          D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

<u>**Your Information:**</u>
Name (please print): _____

Residential address:          Mailing address:

_____          _____

_____          _____

Phone number to contact you during business hours:

_____  Alternate #: _____

_____
Signature

♦**IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL**♦

**SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)**

| | | |
|---|---|---|
| Fees Paid: $_____ Cash #: _____ Check#: _____ | | |
| Id#: _____ Waiver: _____ Money Order#: _____ Credit Card: _____ | | |
| Sheriff File # _____ Authorization #: _____ | | |

Instructions for filing the Return of Service:

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1.  Select "I am filing into an existing case".  Enter 218-2023-CV-00042 and click Next.

2.  When you find the case, click on the link follow the instructions on the screen.  On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3.  Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4.  If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents.  On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.


**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**


January 13, 2023                              Jennifer M. Haggar
Date                                         Clerk of Court


You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case.  After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:      **Richard Rampersaud v Verizon Communications, Inc.**
Case Number:    **218-2023-CV-00042**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1.  Complete the registration/log in process.  Click Register and follow the prompts.

2.  After you register, click Start Now.  Select **Rockingham Superior Court** as the location.

3.  Select "I am filing into an existing case".  Enter **218-2023-CV-00042** and click Next.

4.  When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5.  Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 1/19/2023 5:38 PM
Rockingham Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

Court Name: _____

Case Name: _____

Case Number: _____
(if known)

## ACCEPTANCE OF SERVICE

**Acceptance of Service:**  (Select One)

☐  Counsel for the following defendant(s):

_____

(Name)                          (Address)                          (Telephone Number)

_____

(Name)                          (Address)                          (Telephone Number)

_____

(Name)                          (Address)                          (Telephone Number)

☐  I will be representing myself (self-represented party),

and waive(s) all formalities of service, accept(s) service of the Summons issued by the Court in this

case and enter(s) the following appearance:

**Type of Appearance:**  (Select One)

☐ Appearance                ☐ Limited Appearance

If limited appearance, describe scope of representation:

_____

_____

_____

_____

_____

_____

_____



True Copy Attest

Jennifer M. Haggar, Clerk of Court

February 17, 2023

This is a Service Document For Case: 218-2023-CV-00042
Rockingham Superior Court
2/21/2023 11:09 AM

**Case Number:** _____

**ACCEPTANCE OF SERVICE** _____

---

*For non e-filed cases:*

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____   or   _____
Other party                                            Other party's attorney

---

**OR**

---

*For e-filed cases:*

☐   I state that on this date I am sending a copy of this document as required by the rules of the court.  I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case.  I am mailing or hand-delivering copies to all other interested parties.

---

_____          _____
Name of Filer                                                    Signature of Filer                          Date

_____          _____
Law Firm, if applicable        Bar ID # of attorney          Telephone

_____          _____
Address                                                              E-mail

_____
City                          State          Zip code

Filed
File Date: 1/20/2023 12:31 PM
Rockingham Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: _____

Case Name: _____

Case Number: _____
(if known)

## APPEARANCE/WITHDRAWAL

**APPEARANCE**

Type of appearance (Select One)

☐ Appearance           ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

_____

_____

_____

_____

Select One:

☐ As Counsel for:

_____
(Name)                          (Address)                        (Telephone Number)

_____
(Name)                          (Address)                        (Telephone Number)

_____
(Name)                          (Address)                        (Telephone Number)

☐ I will represent myself (*self-represented*)

**WITHDRAWAL**

As Counsel for _____  _____  _____

Type of Representation: (Select one)

☐ Appearance:

　　☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

_____

　　☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)

　　☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.

　　☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.



True Copy Attest

Jennifer M. Haggar, Clerk of Court

February 17, 2023

This is a Service Document For Case: 218-2023-CV-00042
Rockingham Superior Court
2/21/2023 11:09 AM

**Case Name:** _____

**Case Number:** _____

**APPEARANCE/WITHDRAWAL** _____

---

*For non e-filed cases:*

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____          _____
Other party                                                    Other party's attorney

---

**OR**

---

*For e-filed cases:*

☐    I state that on this date I am sending a copy of this document as required by the rules of the court.  I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case.  I am mailing or hand-delivering copies to all other interested parties.

---

_____          _____
Name of Filer                                                  Signature of Filer                              Date

_____          _____
Law Firm, if applicable          Bar ID # of attorney          Telephone

_____          _____
Address                                                          E-mail

_____
City                              State          Zip code

Filed
File Date: 2/16/2023 2:13 PM
Rockingham Superior Court
E-Filed Document

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

RICHARD RAMPERSAUD,

     Plaintiff,

v.

VERIZON COMMUNICATIONS INC.,

     Defendant.

Civil Action No. 1:23-cv-00132

### NOTICE OF REMOVAL
### AND DEMAND FOR JURY TRIAL

Please take notice that pursuant to 28 U.S.C. §§1441 and 1446, Defendant Verizon Communications Inc. ("Defendant"), by and through its attorneys, Jackson Lewis P.C., hereby removes this action from the Superior Court of the State of New Hampshire, Rockingham County to the United States District Court for the District of New Hampshire. In support of this Notice of Removal, Defendant states as follows:

1.     On January 9, 2023, Plaintiff Richard Rampersaud ("Plaintiff") filed a Complaint and Jury Demand ("Complaint") against Defendant in the Rockingham County Superior Court, alleging a refusal to pay wages in the form of a commission under New Hampshire common law and statutory law. A copy of Plaintiff's State Court Summons and Complaint is attached hereto as **Exhibit A**. Certified copies of the state court pleadings will be filed upon receipt of same from the Rockingham County Superior Court.

2.     Pursuant to 28 U.S.C. §1446(a), this notice of removal is timely filed within thirty (30) days of January 19, 2023, the date on which Defendant accepted service of the Complaint.

3.     Defendant has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the state court.

1

True Copy Attest

Jennifer M. Haggar, Clerk of Court

February 17, 2023

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) and §1441(a), and it may be removed to this Court by Defendant because, upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs, and there exists complete diversity of citizenship between the parties in that:

i.     Plaintiff asserts in the Complaint that he is a resident of New Hampshire.

ii.     Defendant is a Delaware corporation with a principal place of business in New York, and, accordingly, Defendant is a citizen of Delaware and New York.

iii.     The claims in Plaintiff's Complaint satisfy the $75,000 amount in controversy requirement under 28 U.S.C. §1332(a)(1). In the Complaint, Plaintiff alleges that Defendant is obligated to pay Plaintiff $69,233.11 in straight damages due to an alleged failure to pay commissions and other compensation[1] and seeks an award for "damages and *liquidated damages* on all wrongly unpaid wages as required by the New Hampshire Wage Payment Statute" as well as reasonable attorneys' fees.[2]

iv.     In calculating the amount in controversy, a federal court must examine relevant state law to determine the nature and extent of the damages which may be awarded. *See Stewart v. Tupperware Corp.*, 356 F.3d 335, 339 (1st Cir. 2004).   In particular circumstances, New Hampshire law permits liquidated damages in an amount equal to an employee's unpaid wages. RSA § 275:44, IV.  This Court has recognized that "[w]hen a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy."  *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 222 (D.N.H. 2004) (collecting

---

[1] The Complaint alleges in Paragraphs 24 and 25 that Defendant is obligated to pay to Plaintiff $63,344.75 in additional sales and revenue realization commissions and an additional $5,888.36 in 401(k) matching compensation, respectively.  Defendant denies that Plaintiff is entitled to any damages claimed in the Complaint.

[2] See the "Prayers for Relief" section of the Complaint.

cases).[3]  Thus, on the face of the Complaint, Plaintiff is seeking at least $69,233.11 in alleged lost wages, ***plus*** an equal amount in liquidated damages under the New Hampshire Wage Statute, for a total of $138,466.22.  *See Vilaythong v. Sterling Software, Inc.*, 353 F. Supp. 3d 87, 93 (D. Mass. 2018) (considering treble damages under the Massachusetts Wage Act in assessing the amount in controversy); *Mitchell v. Select Comfort Retail Corp.*, No. 20-cv-10110-DJC, 2020 U.S. Dist. LEXIS 126735, at *7 (D. Mass. July 20, 2020) (same).  Based on Plaintiff's alleged straight damages and petition for liquidated damages, the amount in controversy exceeds $75,000 and thus meets the amount in controversy requirement.

5.     Because this figure is above the jurisdictional amount of $75,000 and because complete diversity exists between the parties, this Court possesses diversity jurisdiction over this action.

6.     Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

7.     As this action could have been commenced in this Court, removal is proper. 28 U.S.C. §1441(a).

---

[3] In addition, a court must take into account attorneys' fees where the award of those fees is statutorily authorized. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 6 (1st Cir. 2011).

Respectfully Submitted,

VERIZON COMMUNICATIONS INC.

By its attorneys,
JACKSON LEWIS P.C.,

Date:   February 16, 2023          By:   /s/ *Kevin M. Sibbernsen*
                                         Kevin M. Sibbernsen, NHBA # 271738
                                         Kimberly M. R. Sullivan, NHBA #266861
                                         100 International Drive, Suite 363
                                         Portsmouth, NH 03801
                                         603.559.2700
                                         kevin.sibbernsen@jacksonlewis.com
                                         Kimberly.sullivan@jacksonlewis.com

<u>Certificate of Service</u>

I hereby certify that the foregoing was served via email to the attorney of record for the plaintiff, John F. Tocci, Esq., at jtocci@toccilee.com.

Date:   February 16, 2023                  /s/ *Kevin M. Sibbernsen*
                                           Kevin M. Sibbernsen

4893-4613-3070, v. 2